### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **DERRICK CALHOUN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:26-cv-04814** |
| | ) | |
| **BOARD OF EDUCATION OF THE** | ) | |
| **CITY OF CHICAGO and DANIEL** | ) | |
| **KUZMA** | ) | |
| | ) | |
| **Defendant.** | ) | |

### COMPLAINT

**NOW COMES** the Plaintiff, DERRICK CALHOUN by and through the undersigned counsel, the Law Offices of Goldman & Ehrlich, Chtd., and in support of his complaint against Defendants' BOARD OF EDUCATION OF THE CITY OF CHICAGO and DANIEL KUZMA, hereby files this Complaint and alleges the following:

### NATURE OF THE ACTION

This is an action arising from unlawful practices committed by Defendants in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"), the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101, *et seq.*, and 42 U.S.C. § 1983. Plaintiff alleges that Defendants terminated his employment as Girls Track and Cross-Country Coach at Morgan Park High School because of his age. Plaintiff further alleges that Defendant Daniel Kuzma, acting under color of state law in his individual capacity as Principal of Morgan Park High School, initiated and carried out the termination decision in violation of Plaintiff's right to equal protection under the Fourteenth Amendment to the United States Constitution.

### JURISDICTION, VENUE, AND PARTIES

1

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. § 626(c).

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business in this District and the unlawful conduct alleged herein occurred within this District.

3. Plaintiff, Derrick Calhoun, is a resident of Joliet, Illinois.

4. Defendant, Board of Education of the City of Chicago, is a public entity responsible for the oversight and administration of Chicago Public Schools.

5. Defendant, Daniel Kuzma, was the principal of Morgan Park High School at all relevant periods.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 8, 2025, alleging age discrimination based on the facts set forth herein. The EEOC assigned this charge No. 440-2024-12694. On January 29, 2026, the EEOC issued a Notice of Right to Sue. This action is filed within 90 days of Plaintiff's receipt of the EEOC's Notice.

7. Plaintiff's Charge of Discrimination was cross-filed with the Illinois Department of Human Rights (IDHR). Plaintiff has requested the Right to Sue from IDHR but has not yet received it. Once received, he will request leave to amend this Complaint to indicate receipt.

8. Plaintiff requests a trial by jury on all issues so triable.

**FACTUAL BACKGROUND**

9. Plaintiff's birth year is 1952. At all relevant times, Plaintiff has been over the age of forty.

10. Plaintiff began his employment at Morgan Park High School in or around 1990.

11. Morgan Park High School is a public high school located in Chicago, Illinois and operates as part of the Chicago Public School System.

12. At all relevant times, Defendant Daniel Kuzma served as the Principal of Morgan Park High School.

13. As Principal, Defendant Kuzma supervised the school's athletic programs and possessed authority over personnel decisions affecting coaching positions, including the authority to recommend disciplinary action and termination of coaches.

14. In performing his duties as Principal, Defendant Kuzma acted under color of Illinois law.

15. At all relevant times, Plaintiff served as the Girls Track and Cross-Country Coach at Morgan Park High School.

16. Throughout his employment, Plaintiff performed his duties in a satisfactory manner and met or exceeded Defendants' legitimate performance expectations.

17. Plaintiff had coached the Girls Track and Cross-Country Team for decades and had extensive experience, institutional knowledge, and a long record of service to the school and its students.

18. Despite Plaintiff's satisfactory performance, Defendant Kuzma initiated and advanced a recommendation that Plaintiff's employment be terminated.

19. Defendant Kuzma participated in the decision-making process that led to Plaintiff's termination and implemented that decision.

20. On or about August 19, 2024, Plaintiff's employment as the Girls Track and Cross-Country Coach was terminated. At the time of his termination, Plaintiff was seventy-two years old.

21. Following Plaintiff's termination, Defendants replaced him with a substantially younger individual.

3

22. On or about September 18, 2024, a Local School Council meeting was held at Morgan Park High School.

23. During that meeting, Local School Council Member Monique Woodfork discussed changes in the athletics department at Morgan Park High School.

24. In reference to the Girls Track and Cross-Country Team, Woodfork stated to three Woodfork High School alumni that Plaintiff "had been there too long, and it was time to let him go."

25. Woodfork further stated that "girls were not joining the track team, and this generation needed someone younger."

26. These statements reflect age-based animus and discriminatory attitudes regarding Plaintiff's continued employment.

27. Upon information and belief, the decision to terminate Plaintiff was discussed among school leadership and individuals involved in athletic program oversight prior to Plaintiff's termination.

28. Defendant Kuzma played a central role in initiating, advancing, and carrying out the termination decision.

29. The decision to terminate Plaintiff was motivated by Plaintiff's age and by a belief that the position should be filled by a younger individual.

30. Plaintiff was treated differently from similarly situated younger individuals who were not subjected to termination.

31. Defendants' stated reasons for terminating Plaintiff were pretextual and not the true reasons for the decision.

32. There was no legitimate governmental objective served by terminating Plaintiff because of his age. The termination was therefore arbitrary and irrational.

33. Defendants' actions were intentional, willful, and taken with reckless disregard for Plaintiff's federally protected rights.

34. As a direct and proximate result of Defendants' actions, Plaintiff suffered loss of income, loss of benefits, emotional distress, and other damages.

**COUNT I – Violation of the ADEA, 29 U.S.C. § 621, *et seq*.**

(Against Defendant Board of Education)

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff was, at all relevant times, at least 40 years of age and thus a member of the class protected by the ADEA.

37. Plaintiff was qualified for his position and was performing his job duties in accordance with Defendant Board of Education's legitimate expectations.

38. Plaintiff suffered an adverse employment action when Defendant Board of Education terminated his employment on or about August 19, 2024.

39. Plaintiff was replaced by a substantially younger individual and treated less favorably than similarly situated younger employees.

40. But for Plaintiff's age, Defendant Board of Education would not have terminated his employment.

41. Defendant Board of Education's conduct constitutes unlawful age discrimination in violation of the ADEA.

42. Defendant Board of Education's violations of the ADEA were willful, entitling Plaintiff to liquidated damages pursuant to 29 U.S.C. § 626(b).

43. As a direct and proximate result of Defendant Board of Education's unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of benefits, emotional distress, and other damages.

### COUNT II – Violation of the IHRA, 775 ILCS 5/1-101, *et seq.*

(Against Defendant Board of Education)

44. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth herein.

45. At all relevant times, Defendant Board of Education was an employer within the meaning of the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.*

46. Plaintiff was an employee of Defendant Board of Education within the meaning of the IHRA.

47. Plaintiff was over the age of forty at all relevant times and therefore a member of a protected class under the IHRA.

48. Plaintiff performed his duties as Girls Track and Cross-Country Coach in a satisfactory manner and met legitimate performance expectations.

49. Defendant Board of Education terminated Plaintiff's employment on or about August 19, 2024.

50. At the time of his termination, Plaintiff was seventy-two years old.

51. Following Plaintiff's termination, Defendant Board of Education replaced Plaintiff with a substantially younger individual.

52. Defendant Board of Education's decision to terminate Plaintiff was motivated by Plaintiff's age.

53. Defendant Board of Education's stated reasons for terminating Plaintiff were pretextual and not the true reasons for the decision.

54. By terminating Plaintiff because of his age, Defendant Board of Education discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment in violation of the IHRA.

55. As a direct and proximate result of Defendant Board of Education's discriminatory conduct, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, and other compensatory damages.

**Count III – Violation of 42 U.S.C. § 1983 – Equal Protection**

(Against Defendant Daniel Kuzma in His Individual Capacity)

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

57. At all relevant times, Defendant Daniel Kuzma acted under color of state law in his capacity as Principal of Morgan Park High School.

58. Defendant Kuzma possessed supervisory authority over Plaintiff's coaching position and played a direct role in initiating and implementing the decision to terminate Plaintiff.

59. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits state actors from intentionally treating individuals differently based on age without a rational basis.

60. Defendant Kuzma intentionally discriminated against Plaintiff because of Plaintiff's age.

61. Defendant Kuzma caused Plaintiff to be terminated from his coaching position and replaced with a substantially younger individual.

62. Defendant Kuzma's actions were motivated by age-based animus and by a belief that Plaintiff's position should be filled by a younger individual.

63. Defendant Kuzma intentionally treated Plaintiff differently from similarly situated younger individuals.

64. Defendant Kuzma's conduct lacked any rational relationship to a legitimate governmental purpose.

65. The decision to terminate Plaintiff and replace him with a younger individual was arbitrary and irrational.

66. Through these actions, Defendant Kuzma deprived Plaintiff of rights secured by the Constitution of the United States, including the right to equal protection of the laws, in violation of 42 U.S.C. § 1983.

67. As a direct and proximate result of Defendant Kuzma's conduct, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, and other compensatory damages.

68. Defendant Kuzma acted intentionally and with reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and award the following relief:

a. Back pay;

b. Liquidated damages;

c. Compensatory damages;

d. Reinstatement to his former position or, in the alternative, front pay;

8

e.  Pre-judgment and post-judgment interest as allowed by law;

f.  Reasonable attorney fees and costs; and

g.  Such other and further relief as this Court deems just and proper.


Respectfully submitted:

*Web Arnold*
_____

Tad Weber Arnold of the law Offices of
Goldman & Ehrlich, Chtd., as Attorney for
Plaintiff DERRICK CALHOUN


Jonathan C. Goldman
Tad Weber Arnold
Law Offices of Goldman & Ehrlich, Chtd.
53 West Jackson Blvd., Suite 815
Chicago, IL 60603
312-332-6733
jon@goldmanehrlich.com
web@goldmanehrlich.com

9